Filed 10/16/13  P. v. Cole CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062648 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD210516) |
| ALEXANDER CHRISTOPHER COLE II, | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Reversed in part, affirmed in part.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anthony Da Silva and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

Alexander Christopher Cole II entered a negotiated guilty plea to assault with intent to commit sexual penetration (Pen. Code, § 220, subd. (a))[1] and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)). The court placed Cole on probation for five years with 365 days of jail custody to be served in work furlough. Eleven months after sentencing, Cole violated his probation by leaving the country without permission. The court revoked probation and sentenced Cole to prison for five years, but suspended execution of the sentence and reinstated probation with an additional 365 days of jail custody. Eighteen months later, Cole violated probation a second time by failing to complete sex offender training. The court revoked probation and executed the previously suspended five-year prison sentence.

Cole appeals, contending the court's award of victim restitution to the San Diego Police Department (SDPD) under section 1202.4, for the cost of Cole's forensic examination, is not permitted. He further contends the award of restitution to the SDPD under section 1203.1h, subdivision (b), for the cost of the victim's forensic examination, is not permitted because the court did not consider Cole's ability to pay.[2] We reverse the order requiring Cole to pay $400 in restitution for his forensic examination, and affirm the order requiring him to pay $850 in restitution for the victim's examination.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     In his opening brief, Cole also claimed that in pronouncing his sentence the trial court never awarded victim restitution, and the award for restitution reflected in the minutes and abstract of judgment was a clerical error. However, when the People pointed out in their brief that the court had in fact ordered victim restitution as a condition of granting probation at the sentencing hearing, Cole withdrew that claim.

I

FACTS

On December 3, 2007, at approximately 2:00 a.m., Cole sexually assaulted "Jane Doe" outside her home in Pacific Beach. The assault was interrupted when Isaac Mendez came out of a nearby home, after hearing screams, to see what was happening. Cole pushed Mendez and began swinging a motorcycle helmet at him. Mendez tried to run, but Cole chased him and struck him with the helmet.

II

DISCUSSION

A.  *Restitution for Cole's Forensic Examination*

Cole contends that the court's $400 restitution award to the SDPD for the cost of his forensic examination was not authorized because the SDPD was not a *direct victim* of the crime and the restitution award was not otherwise authorized. The People concede the point. We accept the concession.

The statute under which the court awarded the SDPD restitution for the cost of Cole's forensic examination provides in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) For purposes of this statute, "victim" includes "[a] corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other

3

legal or commercial entity when that entity is a *direct victim* of a crime." (§ 1202.4, subd. (k)(2), italics added.) Expenses incurred by a governmental entity for the investigation or prosecution of a crime do not render the government a direct victim of the crime. (*People v. Martinez* (2005) 36 Cal.4th 384, 393; *People v. Torres* (1997) 59 Cal.App.4th 1, 4-5.) Here, the SDPD was not a direct victim of the crime; instead, the costs incurred were for the investigation of a crime. Thus, the $400 restitution award was not authorized.

B.      *Restitution for Jane Doe's Forensic Examination*

Cole contends the $850 restitution award to the SDPD for the cost of the forensic examination of Jane Doe was improper because the court never considered his ability to pay, as required by statute. We disagree, for two reasons.

1.      *Forfeiture of Objection to Ability to Pay Restitution*

The People argue that Cole forfeited the right to challenge his ability to pay the $850 restitution award by failing to object in the trial court. Cole counters that his failure to object at sentencing does not preclude him from raising the issue on appeal because the plain language of the statute makes a finding of ability to pay a condition precedent to reimbursement. We agree with the People.

We begin by setting out the operative portion of section 1203.1h:

> "*If the court determines that the defendant has the ability to pay* all or part of the cost of the medical examination, the court may set the amount to be reimbursed and order the defendant to pay that sum to the law enforcement agency, county, or local governmental agency, in the manner in which the court believes reasonable and compatible with the defendant's financial ability." (§ 1203.1h, subd. (b), italics added.)

4

Cole is thus correct that the statute requires a trial court to determine a defendant's ability to pay before awarding restitution for a victim's forensic examination fee. That does not mean, however, that the issue of the ability to pay need not be raised in the trial court in order to preserve the issue for appeal.

"As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.'" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) A narrow exception to the general forfeiture rule applies to "'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.'" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1113.) The "appropriateness of a restitution fine is fact specific," however, and "as a matter of fairness to the People, a defendant should not be permitted to contest for the first time on appeal the sufficiency of the record to support his ability to pay the fine." (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.) Thus, a defendant "cannot complain for the first time on appeal of restitution fines imposed without findings or evidence of ability to pay" them. (*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072.) "Since [Cole] did not raise the issue in the trial court, we reject his contention that the [restitution award] must be reversed because the court did not make a finding of [his] ability to pay [it], and nothing in the record shows he had the ability to pay." (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371.)

Moreover, our Supreme Court recently rejected an argument similar to Cole's in *People v. McCullough* (2013) 56 Cal.4th 589, where it held that a defendant cannot challenge for the first time on appeal an award of a booking fee for lack of substantial

5

evidence of the defendant's ability to pay. The statute at issue in *McCullough* "provide[d] that '[i]f the person has the ability to pay, a judgment of conviction shall contain an order for payment of' the booking fee." (*Id.* at p. 592, quoting Gov. Code, § 29550.2, subd. (a).) The statute at issue here has substantially similar language: "If the court determines that the defendant has the ability to pay all or part of the cost of the medical examination, the court may set the amount to be reimbursed and order the defendant to pay that sum . . . ." (§ 1203.1h, subd. (b).) Also here, as in *McCullough*, the trial court did not make an express determination of the defendant's ability to pay, and the defendant failed to object at the time the court imposed the fee. (*McCullough*, at p. 591.) Accordingly, Cole, like the defendant in *McCullough*, forfeited his right to raise the ability-to-pay issue on appeal. (*Id.* at pp. 591, 599.)

Furthermore, not only did Cole fail to raise the issue below, he affirmatively accepted probation on the terms of the order granting probation, which included the condition that he pay restitution for the forensic examination. Both the proposed order granting probation and the probation report, which were provided to Cole before sentencing, included the restitution fee as a condition of probation. The court gave Cole ample opportunity to raise the issue of his ability to pay when it asked if he accepted probation on the terms provided. If Cole was unable to pay the restitution fee, he should have said so when he was granted probation and not waited to raise the issue for the first time on appeal.

6

2. *Implied Finding of Ability to Pay Supported by Substantial Evidence*

The People argue that even if Cole's objection was properly preserved for appeal, the trial court need not have made an express finding of his ability to pay the $850 restitution award because the court implicitly found Cole had the ability to pay, and this finding is supported by substantial evidence. Cole counters the award "should be stricken for lack of a finding of [his] ability to pay." Again, we agree with the People.

As noted earlier, the plain language of section 1203.1h, subdivision (b), required the court determine the defendant's ability to pay before awarding restitution for a victim's examination fee. Where a statute requires a finding of ability to pay, we may imply such a finding as long as it is supported by substantial evidence. (See, e.g., *People v. Phillips* (1994) 25 Cal.App.4th 62, 71, 76 [implied finding of defendant's ability to pay attorney fees and costs of probation supported by substantial evidence]; *People v. Staley* (1992) 10 Cal.App.4th 782, 785-786 [Health & Saf. Code, § 11372.7, subd. (a), which has similar ability-to-pay language, does not require an express finding of ability to pay; ability to pay can be implied]; *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1836-1837 [express finding of ability to pay restitution fine not required; implied finding sufficient if supported by record].) Substantial evidence is "evidence that is reasonable, credible, and of solid value" from which a trier of fact reasonably could make a finding. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) A probation report may constitute substantial evidence of a defendant's ability to pay restitution. (See, e.g., *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377; *Staley*, at p. 786; *People v. Hartley* (1984) 163 Cal.App.3d 126, 130 & fn. 3.)

Here, the record contains substantial evidence to support an implied finding of an ability to pay. The probation report stated Cole was a recruiter in the Navy, where he had worked for about 10 years, and earned the rank of E-6. His monthly income was $2,600, and his monthly expenses were $2,000. He owed $12,000 on his motorcycle and car, had some money saved in the bank, and owned a property in Texas with his siblings. Further, Cole described his financial situation to the probation officer as "good." The trial court signed the probation report, stating that it read and considered the report. During sentencing, the court stated that it had considered Cole's job, status, and rank in the Navy. Cole did not assert he was unable to pay the $850 restitution award — in fact, he accepted the terms of probation, which included the condition that he pay the award — and nothing in the record indicates he does not have the ability to pay it. Thus, we conclude the court's implied finding of Cole's ability to pay the award is supported by substantial evidence.

Cole contends this court's prior decision in *People v. Wardlow* (1991) 227 Cal.App.3d 360 requires reversal of the order that he pay $850 in restitution for Jane Doe's examination. We disagree. *Wardlow* is distinguishable because in that case there was no evidence of the amount that law enforcement incurred in performing the examination, and the record did not support an inference the trial court had made a determination, express or implied, on the defendant's ability to pay. (*Id.* at pp. 371-372 & fn. 7.) Here, by contrast, the record contains evidence of the cost of the examination, and it supports the trial court's implied finding of Cole's ability to pay.

8

DISPOSITION

The order requiring Cole to pay $400 in restitution for his forensic examination is reversed. The order requiring Cole to pay $850 in restitution for the victim's forensic examination is affirmed. Upon issuance of the remittitur, the trial court shall prepare an amended abstract of judgment eliminating the $400 restitution award, and shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

9